UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, *as subrogee of Brooklyn Development 24 Corp.*, Plaintiff, - against - M REMODELING CORP. *et al.*, Defendants. | : | **MEMORANDUM DECISION AND ORDER** 20-cv-1287 (BMC) |

**COGAN**, District Judge.

Plaintiff, a Pennsylvania insurance corporation with its principal place of business in Pennsylvania, brings this subrogation action against four defendants – three incorporated entities and one limited liability company – seeking to invoke this Court's diversity jurisdiction. In alleging the citizenship of defendant Case Plumbing LLC, plaintiff averred in its original complaint that "Defendant Case was and is a New York professional limited liability corporation formed in the State of New York with its principal operation office located at the above captioned [New York] address."

Because this allegation was insufficient under 28 U.S.C. § 1332(a), I ordered plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. In the order, I explained that the citizenship of a limited liability company is not determined in the same manner as that of a corporation (state of incorporation and principal place of business); rather, each of its members' citizenships is imputed to the LLC. In response, plaintiff submitted an unsworn statement and an amended complaint, which together set forth the following representations:

- It has "been determined" that Case Plumbing LLC is a small business owned by Khoon Chan.
- It is "believed and therefore averred," at this juncture, that Mr. Chan is the sole owner of Case Plumbing LLC.
- It is "believed, after a reasonable inquiry," and therefore averred that Defendant Case is a single member LLC owned solely by Managing Member, Khoon Chan.
- It is further "believed and therefore averred" that Mr. Chan is a resident of Long Island City and a citizen of New York State.

Plaintiff maintains that, "[b]ased on [these] averment[s], there should be complete [d]iversity between the parties." I disagree.

This Court has an obligation to examine its subject matter jurisdiction *sua sponte*. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006). "To establish subject matter jurisdiction under 28 U.S.C. § 1332 . . . plaintiffs must be citizens of states diverse from those of all defendants." Raymond Loubier Irrevocable Trust v. Loubier, 858 F.3d 719, 725 (2d Cir. 2017). For the purposes of establishing diversity jurisdiction, a limited liability company is a citizen of each state in which its individual members are citizens. See Castillo Grand, LLC v. Sheraton Operating Corp., 719 F.3d 120, 122 (2d Cir. 2013) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)).

In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged. See MidCap Media Fin., L.L.C. v. Pathway Data, Inc., 929 F.3d 310, 314 (5th Cir. 2019) ("[T]o establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'"); Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016) (holding allegation that an LLC "is a citizen of a different state" is deficient "because it contains no allegation as to the identity or citizenship" of the members); Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity

jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990) ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."); In re Bank of Am. Corp. Secs., Derivative, & ERISA Litig., 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010) ("Because the Derivative Plaintiffs have not alleged the citizenship of each of the Financial Advisors' members . . . they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship.").

It follows from this that if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC. In the absence of such information, all that plaintiff has alleged are conclusions without the facts to support them. When challenged by the court or another litigant, "the party asserting subject matter jurisdiction . . . has the burden of proving that it exists by a preponderance of the evidence." See Broidy Capital Mgmt. LLC v. Benomar, 944 F.3d 436, 443 (2d Cir. 2019).

Because I raised the issue *sua sponte* and plaintiff has responded, we are beyond a mere pleading inquiry. The question is who, in fact, are the members of Case Plumbing? Plaintiff assumes it is a small company, although it offers no support for that assumption, and it further

asserts that Mr. Chan is an owner, the basis of which it also does not disclose. Nor does it disclose how it knows that he is the *only* member. And it is upon these conclusions that plaintiff rests its case for subject matter jurisdiction.

This is not enough to carry the burden. It is axiomatic that a small business with one employee may nonetheless have shared ownership, and that single employee need not be one of them. But even ignoring this hitch in plaintiff's reasoning, the only "evidence" set forth to prove that the LLC is *small* (which itself is a vague characterization) is plaintiff's conclusory representation that it has "determined that Case Plumbing LLC is a small business." This is neither testimony nor proof that I can use to decide the matter. It isn't even enough to make out a *prima facie* case that the defendant LLC is a citizen of New York and thus diverse from the Pennsylvania plaintiff.

The only reason why plaintiff is speculating about Case Plumbing's citizenship is because plaintiff prefers to be in this Court. But the members of the LLC need not be speculated about for any other reason. There is a definite identity of members. Plaintiff just doesn't know that identity and therefore must guess.

Congress has seen fit to treat corporations differently from unincorporated entities for purposes of their citizenship. It has maintained that distinction for longer than the nearly 50-year period in which limited liability companies and limited partnerships have gained increasing popularity as business entities. Congress also must be well aware that few, if any, states require public disclosure of the members or partners of limited liability companies or limited partnerships, respectively.

That means that it may not be possible for a plaintiff or removing defendant to show diversity of citizenship when proceeding adversely to such an unincorporated entity. But by

allowing ascertainment of citizenship as to corporations from record facts, that is obviously the way that Congress wants it.  It could easily amend the Judicial Code to provide that the citizenship of a limited partnership or limited liability company shall be the state of its formation and its principal place of business, akin to a corporation.  It has not done so, even though it has amended other sections of the Judicial Code to clarify or change the test for determining other entities' citizenship.  See, e.g., 28 U.S.C. § 1348 and OneWest Bank, N.A. v. Melina, 827 F.3d 214, 218 (2d Cir. 2016) ("[A] national bank is a citizen only of the state listed in its articles of association as its main office."); 28 U.S.C. § 1349 and Waldron Midway Enters., Inc. v. Coast Fed. Bank, No. 91-cv-1750, 1992 WL 81724, at *1 (E.D.N.Y. Apr. 10, 1992) (a federally-chartered corporation is not a citizen of any state unless its "business is localized within a single state.").

Nor is it any tragedy or violation of any fundamental right that plaintiff has to have its claim determined in state court.  This is a property damage subrogation claim.  It is the kind of routine claim determined in state courts and the New York state courts in particular every day, far more often than such questions are brought to the federal courts.

Almost 200 years ago, the Supreme Court made it clear that a litigant cannot gloss over the facts relating to citizenship and invoke the federal forum.  If the litigant cannot find a definitive basis for alleging the citizenship of each defendant, then the case belongs in state court.  As Chief Justice Marshall stated, "the averment of jurisdiction shall be positive, [and] the declaration shall state expressly the fact on which jurisdiction depends.  It is not sufficient that jurisdiction may be inferred, argumentatively, from its averments."  Brown v. Keene, 33 U.S. 112, 114 (1834).

This case is therefore dismissed for lack of subject matter jurisdiction. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
March 13, 2020